

**U.S. Department of Justice**

*United States Attorney*
*Western District of Pennsylvania*

*Joseph F. Weis, Jr. U.S. Courthouse*
*700 Grant Street*
*Suite 4000*
*Pittsburgh, Pennsylvania 15219*                           *412/644-3500*

May 7, 2025

Jennifer H. Bouriat, Esquire
1575 McFarland Rd. Suite 201
Pittsburgh, PA 15216

Re:   United States of America v.
      Talya A. Lubit
      <u>Criminal No. 24-257</u>

Dear Ms. Bouriat:

This letter sets forth the agreement by which your client, Talya A. Lubit, will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between Talya A. Lubit and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, Talya A. Lubit, will be sentenced under the Sentencing Reform Act, 18 U.S.C. § 3551, <u>et seq.</u> and 28 U.S.C. § 991, <u>et seq.</u> The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

    A.    The defendant, Talya A. Lubit, agrees to the following:

        1.    The defendant will enter a plea of guilty to Counts One and Two of the Superseding Indictment at Criminal No. 24-257, charging her with violating 18 U.S.C. § 371 at Count One and 18 U.S.C. §§ 247(c), 247(d)(5), and 2 at Count Two, pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

        2.    The defendant will pay restitution under 18 U.S.C. §§ 3663(a)(3), 3663A and 3664 to the victims and/or other persons or parties authorized by law in such amounts, at such times, and according to such terms as the Court shall

LIMITED OFFICIAL USE

        direct. The amount of restitution may not necessarily be the same as the amount of loss for the purpose of determining the offense level under the Sentencing Guidelines. Although the Court will determine the recipients, amounts, times, and terms of restitution payments, the parties agree to make the recommendations set forth in Part C of this agreement.

        The defendant agrees that restitution and any other financial obligations imposed by the Court are due and payable immediately after the judgment is entered, and subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payments due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

        Upon request of the United States, the defendant agrees to provide all information regarding the defendant's income, assets, and financial status, and that of the defendant's household. If requested, the defendant agrees to submit to an interview and/or deposition as to these matters and to undergo a polygraph examination. Upon request, the defendant agrees to complete a sworn financial statement and to provide all documents under the defendant's possession or control regarding the defendant's financial resources. The defendant authorizes the United States to obtain a credit report pertaining to her.

3. The defendant will immediately notify the Court and the United States Attorney of any improvement in the defendant's economic circumstances that might increase the defendant's ability to pay restitution and that occurs from the date of this agreement until the completion of the defendant's sentence, including any term of supervised release.

4. At the time Talya A. Lubit enters the defendant's plea of guilty, she will deposit a special assessment of $50 in the form of cash, check, or money order payable to "Clerk, U.S. District Court." In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

5. Talya A. Lubit waives any former jeopardy or double jeopardy claims she may have in or as a result of any related civil or administrative actions.

6. Talya A. Lubit waives the right to take a direct appeal from the defendant's conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:

    (a) If the United States appeals from the sentence, Talya A. Lubit may take a direct appeal from the sentence.

      (b)    If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Talya A. Lubit may take a direct appeal from the sentence.

Defendant further waives the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking the defendant's conviction or sentence and the right to file any other collateral proceeding attacking the defendant's conviction or sentence.

Nothing in the foregoing waiver of rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law. The defendant understands that the government retains its right to oppose any such claim on procedural or substantive grounds.

7. In the event the judgment of conviction and sentence entered as a result of this plea agreement does not remain in full force and effect for any reason, the government may reinstate any charges dismissed or reduced pursuant to this plea agreement. In the event of reinstatement, the defendant waives any claim of double jeopardy, statute of limitations, speedy trial, or similar objections to any count reinstated.

B. In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

1. In consideration for the defendant's guilty plea to Counts One and Two of the Superseding Indictment, the United States Attorney, pursuant to Rule 11(c)(1)(A), agrees not to pursue additional charges for violations of 18 U.S.C. § 1519 or 26 U.S.C. §5861 based on conduct occurring prior to the execution of this agreement.

2. The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of Talya A. Lubit in the offenses charged in the Superseding Indictment and of any other matters relevant to the imposition of a fair and just sentence, including victim impact.

3. The United States agrees to recommend a two-level downward adjustment for acceptance of responsibility. However, if at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria set forth in U.S.S.G. § 3E1.1 or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

    4. The United States Attorney will take any position he deems appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C. Talya A. Lubit and the United States Attorney further understand and agree to the following:

    1. The penalty that may be imposed upon Talya A. Lubit, as to Count One, is:

        (a) A term of imprisonment of not more than 1 year;

        (b) A fine of not more than $100,000 (18 U.S.C. § 3571(b)(5));

        (c) A term of supervised release of not more than 1 year (18 U.S.C. § 3583(b)(3);

        (d) A special assessment under 18 U.S.C. § 3013 of $25; and

        (e) Mandatory restitution under 18 U.S.C. §§ 3663A and 3664.

    2. The penalty that may be imposed upon Talya A. Lubit, as to Count Two, where damage to or destruction of property resulted that does not exceed $5,000, is:

        (a) A term of imprisonment of not more than 1 year (18 U.S.C. § 247(d)(5);

        (b) A fine of not more than $100,000 (18 U.S.C. § 3571(b)(5));

        (c) A term of supervised release of not more than 1 year (18 U.S.C. § 3583(b)(3);

        (d) A special assessment under 18 U.S.C. § 3013 of $25; and

        (e) Mandatory restitution under 18 U.S.C. §§ 3663A and 3664.

    3. Because the offenses of conviction were part of a conspiracy, restitution is not limited to the offenses of conviction. The Court may order that restitution be paid to any victim, person, or party directly harmed by Talya A. Lubit's criminal conduct in the course of the conspiracy.

    4. Subject to the final authority of the Court, the parties agree that Talya A. Lubit is liable for a total of $5,000.00 in restitution to the Chabad of Squirrel Hill, a total of $442.00 in restitution to the City of Pittsburgh, and a total of $5,092.00 in restitution to the Jewish Federation of Greater Pittsburgh. The parties further agree that that Talya A. Lubit's liability to pay restitution is joint and several with her codefendant, Mohamad Hamad, should he be

convicted of either or both Counts One and Two of the Superseding Indictment at Criminal No. 24-257.

5. The parties stipulate that pursuant to § 2H1.1(a)(2) of the Sentencing Guidelines, the defendant's base offense level is 12. The parties agree that the base offense level should be lowered by two levels under § 3E1.1 (acceptance of responsibility) and by two levels under § 4C1.1 (zero-point offender).

Thus, the parties agree that subject to the terms of paragraph B(2) of this agreement related to acceptance of responsibility, Talya A. Lubit's overall offense level under the Sentencing Guidelines is 8.

This agreement is not binding on the Court.

6. The parties agree that Talya A. Lubit has zero criminal history points and a criminal history category of I.

This agreement is not binding on the Court.

7. The parties agree that the willful failure to pay any fine imposed by the Court may be treated as a breach of this plea agreement. Talya A. Lubit acknowledges that the willful failure to pay any fine may subject her to additional criminal and civil penalties under 18 U.S.C. § 3611 et seq.

8. This agreement does not preclude the government from pursuing any civil or administrative remedies against Talya A. Lubit or the defendant's property.

9. If, at any time after this plea agreement is signed and prior to sentencing, the defendant (i) commits any additional federal, state, or local offense; or (ii) breaches any term of this plea agreement, the United States may at its discretion be released from its obligations under this agreement and the defendant's guilty plea, if already entered, will stand. In that event, the United States will be entitled to seek a sentence other than agreed-upon, reinstate previously dismissed or reduced charges and/or pursue additional charges against the defendant. The defendant waives any claim of double jeopardy, statute of limitations, speedy trial, or similar objections to any count reinstated.

Any alleged breach of this plea agreement shall be determined by agreement of the parties or by the Court. A breach of this plea agreement shall be established by a preponderance of the evidence.

10. Pursuant to the Standing Order of the United States District Court dated May 31, 2017, all plea letters shall include a sealed Supplement. The sealed

Supplement to this plea letter is part of the agreement between the parties hereto.

This letter sets forth the full and complete terms and conditions of the agreement between Talya A. Lubit and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

*Troy Rivetti*
TROY RIVETTI
Acting United States Attorney

*Carolyn J. Bloch*
CAROLYN J. BLOCH
Assistant United States Attorney

I have received this letter from my attorney, Jennifer H. Bouriat, Esquire, have read it and discussed it with her, and I understand the terms of the Agreement. I hereby accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

*talya lubit*
TALYA A. LUBIT

5/15/25
Date

Witnessed by:

*Jennifer H. Bouriat*
JENNIFER H. BOURIAT, ESQUIRE
Counsel for Talya A. Lubit